UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TRUSTEES OF THE NEW YORK CITY              :
DISTRICT COUNCIL OF CARPENTERS       :
PENSION FUND, et al.,                            :        15 Civ. 0781 (LGS)
                                        Petitioners,   :
                                                       :         **OPINION AND ORDER**
                     -against-                          :

HIGH PERFORMANCE FLOORS INC.,        :
                                              Respondent.   :
                                                             :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2016

LORNA G. SCHOFIELD, District Judge:

By Opinion and Order dated June 6, 2016 (the "Opinion"), Petitioners'[1] motion to confirm an arbitration award in their favor against Respondent High Performance Floors, Inc., and request for attorney's fees was granted, and Respondent's cross-motion to vacate the award and obtain its own attorney's fees and costs was denied. Judgment was entered in favor of Petitioners on June 8, 2016. On June 16, 2016, Respondent timely filed the instant motion for reconsideration. *See* S.D.N.Y. Local Rule 6.3 (motion for reconsideration must be filed within 14 days of the challenged order or judgment). For the following reasons, the motion is denied.

I.      **PROCEDURAL BACKGROUND**

On February 3, 2015, Petitioners commenced this action to confirm the arbitration award rendered in their favor on March 8, 2013, against Respondent. Petitioners had initiated a prior suit in the Southern District of New York to confirm the arbitration award. However, the parties filed a stipulation of dismissal without prejudice in that action on March 27, 2014, tolling from

---

[1] Petitioners are the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor-Management Corporation, a not-for-profit corporation; and the New York City District Council Carpenters.

April 24, 2013, through March 26, 2014, any statute of limitations applicable to the claims of Petitioners against Respondent to confirm the arbitration award.

## II. LEGAL STANDARD

Reconsideration is appropriate "when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc.*, 684 F.3d at 52.

## III. DISCUSSION

This motion is construed as a motion for reconsideration pursuant to Local Civil Rule 6.3. Respondent argues that the Opinion erred by failing to consider Respondent's laches and equitable estoppel arguments in its Sur Reply Brief and Sur Reply Affidavit of Guy Balzano. Respondent argues that Petitioners should be equitably estopped or barred by the doctrine of laches from asserting that Respondent cannot assert a counterclaim to vacate the award. Respondent, however, presents no new evidence or decisions that would change the outcome in this case and instead presents the same arguments already considered and rejected in the Opinion.

In contrast to Respondent's assertion that the laches and equitable estoppel arguments were not considered, the Opinion considered and acknowledged Respondent's argument that it was entitled to equitable estoppel because Petitioners allegedly misled Respondent into thinking that the matter was settled by agreeing to the stipulation of dismissal. The Opinion expressly rejected Respondent's equitable estoppel argument, noting that "the record contains no evidence that Petitioners made misrepresentations . . . ." The Opinion also explained that "[w]hile the mismatch between allowing a party one year to confirm an arbitration award but another party only ninety days to vacate in some cases may seem inequitable, important federal interests underpin this result." Respondent's laches argument was implicitly denied, as even assuming that the equitable defense of laches were available, it is inapplicable here where Petitioner timely filed its petition to confirm an arbitration award. *See Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 326 (2d Cir. 2004) ("[T]he equitable defenses of laches and estoppel remain available to defendants seeking to avoid unfair surprise from the filing of *untimely* claims by plaintiffs who seek to rely on equitable tolling on the basis of defective notice.") (emphasis added); *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998) ("[Laches] is an equitable defense that bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant.") (internal quotation marks and citation omitted).

Respondent presents no evidence, merely conjecture and questions, to support its assertion that Petitioners mislead Respondent into believing that the matter was concluded with the stipulation of dismissal. Equitable estoppel requires a Respondent to show that Petitioners (1) made a "definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it," and (2) reasonable reliance. *Buttry v. Gen. Signal Corp*. 68 F.3d 1488, 1493 (2d Cir.

1995). Respondent has not sustained its burden. The stipulation was expressly without prejudice, and included a tolling agreement -- both clear indicia that the matter was not concluded. Respondent does not dispute that it learned of the award within the 90-day period to file a counterclaim to vacate the award and does not deny that its counsel did not file suit to vacate the award. Respondent also admits that it entered into the stipulation of dismissal. Although Petitioner claims that its owner was led to believe that the parties agreed to "end[] the matter" by entering into the stipulation and that Petitioners had no intention thereafter of seeking to enforce the arbitration award, Respondent presents no evidence to support this contention.

In his sur reply affidavit, High Performance Floor's owner, Guy Balzano, admits that he does "not know what occurred between the time Mr. Tobia [Respondent's former attorney] stepped in to represent me and the date notice of the instant suit was served upon me," nor does Mr. Balzano know "why the Stipulation of Dismissal that was entered some ten months after Mr. Tobia commenced representing me was necessary or what its purpose was." Lacking knowledge, Respondent's arguments are based on conjecture and attempt to shift the burden to Petitioners. For example, Respondent's brief in support of the reconsideration motion states:

- "Tobia, an experienced employment law attorney, had to know that a suit to vacate the award had to be filed, under New York law, within that 90 day period, or at least get an extension by consent" (p.2)
- "It is difficult to believe that an experienced attorney such as Tobia would have casually abandoned Defendant's defense to enforcing the award . . . ." (p. 6)
- "It is speculation why language extending the statute of limitations to confirm the award was agreed upon by the parties but it is not an illogical conclusion [*sic*] is that the parties had reason for doing so independent of their agreement to end the litigation with the

complaint to confirm the award being dismissed."  (p. 7).

While Respondent may have disregarded or misunderstood its former attorney, or even received inadequate explanations or perhaps flawed legal advice, the Supreme Court has long held that clients in civil litigation "must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *see also In re Enron Corp.*, 419 F.3d 115, 122 (recognizing that the Second Circuit has "taken a hard line in applying the *Pioneer* test.") (internal quotation marks omitted).

In reasserting these same arguments in its motion for consideration, Respondent cites no new controlling decisions that the Court failed to consider.  Respondent relies on case law that is not binding, and in its reply brief, Respondent cites to a distinguishable Second Circuit case, *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187 (2d Cir. 1996), a Lanham Act case, to argue that a district court should look to the most analogous state statute of limitations, and thus, should allow Respondent to assert the affirmative defense of laches.  Respondent ignores controlling Second Circuit law, particularly *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85 (2d Cir. 1998), which held that, because of the important federal interests, federal law does not incorporate the state common law principle allowing defendants to assert affirmative defenses challenging an arbitration award's enforceability when they have failed to make a timely challenge to the award.  Because Respondent has not pointed to any "controlling decisions or data" that the court overlooked, its motion for reconsideration is denied.

### IV.  CONCLUSION

Respondent's motion for reconsideration is DENIED.

SO ORDERED.

Dated: July 15, 2016
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE